UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ADKINS and DANIELLE HELMS, )<br><br>    *Plaintiffs*, )<br> )<br>    *vs.* )<br> )<br>UNITED STATES OF AMERICA, *acting by and*<br>*through the* UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, *et al.*, )<br> )<br>    *Defendants.* ) | 1:10-cv-0018-JMS-DML |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant United States of America's ("United States")

Motion for Summary Judgment ("Motion") in this action brought by Plaintiffs David Adkins and

Danielle Helms under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. [Dkt. 55.]  The

central question is whether the statute of limitations on actions brought under the FTCA bars

Plaintiffs' claim against the United States.

A motion for summary judgment asks that the Court find that a trial based on the uncon-

troverted and admissible evidence would, as a matter of law, conclude in the moving party's fa-

vor and is thus unnecessary.  *See* Fed. R. Civ. Pro. 56(c).  When evaluating a motion for sum-

mary judgment, the Court must give the non-moving party the benefit of all reasonable infe-

rences from the evidence submitted and resolve any doubt as to the existence of a genuine issue

for trial against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).  Nev-

ertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences

that are supported by only speculation or conjecture."  *Singer v. Raemisch*, 593 F.3d 529, 533

(7th Cir. 2010).  The non-moving party must set forth specific facts showing that there is a ma-

terial issue for trial and cannot rely upon mere allegations or denials in the pleadings. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. at 323. The key inquiry is the existence of evidence to support a plaintiff's claims or affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved for the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). Therefore, in what follows, the Court makes all reasonable factual inferences in favor of Plaintiffs.

BACKGROUND

The material facts in this case are not in dispute. Ms. Helms was treated during her pregnancy by Max Rudicel, M.D., at Open Door/BMH Health Center ("Open Door"), from June 2005 to December 2005. [Dkt. 66-1 at 1, ¶ 2.] On December 4, 2005, Ms. Helms gave birth to a stillborn child. [*Id.*] Ms. Helms also suffered additional injuries, including heart complications. [*Id.*] As a result of these events, Plaintiffs filed a proposed complaint with the Indiana Department of Insurance ("IDOI") on October 11, 2007, pursuant to the Indiana Medical Malpractice Act. Ind. Code § 34-18-1, *et seq.* [Dkt. 66-1 at 2, ¶ 4.] The proposed complaint against Dr. Rudicel and Open Door alleged that Dr. Rudicel was negligent in his care of Ms. Helms. [*Id.*]

On December 5, 2007, Plaintiffs discovered that Open Door is a federally supported health center. [Dkt. 66-8.] Under Section 224 of the Public Health Services Act, any health center that receives federal funds may be deemed an employee of the federal government. *See* 42 U.S.C. § 233(g)(1)(A), (4). Likewise, the employees of such health centers will be deemed federal employees. *Id.* As federal employees, both the federally funded health center and its employees are protected under the FTCA for acts in connection with medical or related functions committed within the scope of their employment. *Id.* Open Door was deemed an employee of the Public Health Service as of June 1, 2003, and has continued to be covered by the FTCA,

- 2 -

without interruption, since that time.  [Dkt. 56-2 at 2, ¶ 7.]  Because Open Door and Dr. Rudicel are federal employees, they are protected by sovereign immunity from claims of negligence in the provision of health care services and are, therefore, immune from suit, except under the FTCA.  42 U.S.C. § 233(g).

On June 10, 2008, six months after first discovering the federal employment status of Open Door, and more than two years after the federal employees last provided medical care to Ms. Helms, Plaintiffs filed a claim with the Department of Health and Human Services ("DHHS"), as required by the FTCA.  [Dkt. 66-13.]  On July 22, 2009, DHHS denied that claim.  [Dkt. 67-2.]  Plaintiffs subsequently filed this action in January 2010.  [Dkt. 1.]

DISCUSSION

The United States argues that Plaintiffs cannot recover under the FTCA, which has a two-year statute of limitations, because Plaintiffs filed their claim with DHHS more than two years after their injury accrued.  [Dkt. 56 at 7-8.]  Plaintiffs argue that, because they filed an action with IDOI within the two-year limitations period, 28 U.S.C. § 2679(d)(5) rescues their claim by "provid[ing] relief for claimants who initially filed their claim in the wrong forum."  [Dkt. 65 at 5.]  For the following reasons, the Court finds that the FTCA's statute of limitations bars Plaintiffs' claim.

## I.      FTCA

Under the FTCA, district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  42 U.S.C. § 1346(b).  Such liability arises "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *Id.*

In order to institute an action against the United States under the FTCA, a claimant must first exhaust her administrative remedies by filing an administrative claim with the appropriate federal agency, 42 U.S.C. § 2675(a), and she must do so within the time provided by the statute of limitations set forth in the FTCA. Specifically, 42 U.S.C. § 2401(b) provides:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, . . . of notice of final denial of the claim by the agency to which it was presented.

Section 2401(b) requires both that the claimant file an administrative claim with the appropriate federal agency within two years of the claim accruing, and file a complaint in the district court within six months of the denial of the administrative claim. *See*, *e.g.*, *Schuler v. United States*, 628 F.2d 199 (D.C. Cir. 1980).

## II. The "Savings Clause"—28 U.S.C. § 2679(d)

It is undisputed that Plaintiffs filed the present action within six months of DHHS's denial of Plaintiffs' administrative claim. The disputed issue is whether Plaintiffs can be deemed to have filed their administrative claim within the two-year limitations period when they filed it with a state, rather than a federal, agency. Plaintiffs rely on 28 U.S.C. § 2679(d), the so-called "savings clause," to support their position.

28 U.S.C. § 2679 states that the remedy against the United States under the FTCA "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ." 28 U.S.C. § 2679(b)(1). It further states that "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter . . . is precluded without regard to when the act or omission occurred." *Id.* Subsection (d) of § 2679 provides for the automatic substitution

of the United States as the party defendant in "any civil action or proceeding commenced upon such claim in a United States district court," 28 U.S.C. § 2679(d)(1), or in "any civil action or proceeding commenced upon such claim in a State court." 28 U.S.C. § 2679(d)(2). Any civil action or proceeding commenced in state court, moreover, "shall be removed . . . to the district court of the United States . . . in which the action or proceeding is pending." *Id.*

To account for the fact that any proceeding in which the United States is substituted for the party defendant may be dismissed for failure to exhaust the administrative remedies required by 28 U.S.C. § 2675(a), and to account for the fact that the statute of limitations provided by 28 U.S.C. § 2401(b) may have run by that time, 28 U.S.C. § 2679(d)(5) provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

The effect of this statute is to toll the statute of limitations under the FTCA for claimants who timely file suit against the wrong defendant.

Plaintiffs claim that they satisfied § 2679(d)(5) when they filed their proposed complaint with IDOI on October 11, 2007, which was within the two-year statute of limitations provided by § 2401(b). [Dkt. 65 at 6.] They acknowledge, however, that IDOI has not dismissed that claim and, thus, they cannot satisfy the plain language of the second element of the statute. [*Id.* at 6-7.] While Plaintiffs propose several ways of circumventing the second statutory element, even suggesting that DHHS should have brought an action in state court to compel IDOI to dismiss the claim, [*id.*], the Court need not address these arguments because Plaintiffs' argument fails for another reason. As the United States notes in its brief, the "underlying civil action" referred to in

§ 2679(d)(5)(A) does not include administrative claims filed with a state agency. Rather, it refers to "any civil action or proceeding commenced upon such claim in a United States district court" or "any civil action or proceeding commenced upon such claim in a State court." 28 U.S.C. § 2679(d)(1), (2). Plaintiffs do not dispute the fact that they did not file a claim in either federal district court or state court within the two-year period after their claim accrued, and as the United States rightly notes, Plaintiffs could have. Ind. Code § 34-18-8-7; [Dkt. 75 at 2.] Furthermore, Plaintiffs provide no authority for their interpretation of the statute.

It is a fundamental canon of statutory construction that "statutory language cannot be construed in a vacuum" and that "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treas.*, 489 U.S. 803, 809 (1989). *See also John Hancock Mut. Life Ins. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 94-95 (1993) (explaining that the Court "examine[s] first the language of the governing statute, guided not by a single sentence or member of a sentence, but looking to the provisions of the whole law . . . " when construing the meaning of a statute); *Deal v. United States*, 508 U.S. 129, 132 (1993) (stating that it is "a fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.").

Moreover, the FTCA is to be construed narrowly and strictly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990). In observing this limitation, the Seventh Circuit has held that "courts must not construe the FTCA's limitation provisions 'so as to defeat [their] obvious purpose, which is to encourage the prompt presentation of claims'" and that "courts should not 'extend the waiver beyond that which Congress intended.'" *McCall v. United States*, 310 F.3d 984,

988 (7th Cir. 2002) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). The plaintiff

has the burden of establishing a valid exception to the statute of limitations. *Id.* at 987.

Applying the fundamental canon of construction and construing the statute narrowly, it is

clear that Congress did not intend to introduce a new form of civil action in § 2679(d)(5), differ-

ent from those civil actions referred to in subsections (1) and (2) of the same statutory section.

Read as a whole, § 2679(d)(5) tolls the statute of limitations under the FTCA for those actions

filed in either federal district court or state court within the two-year statute of limitations pro-

vided by the FTCA in which the United States is later substituted as the party defendant.[1] Noth-

ing in the statute suggests that actions filed with a state administrative agency can be substituted

for the "underlying civil action."

Because Plaintiffs did not file a civil action in either federal district court or state court

within two years of the time their injury accrued, § 2679(d)(5) does not save them from the two-

year statute of limitations under the FTCA. They are therefore time barred from bringing the

present action against the United States.

### III. Equitable Tolling

Plaintiffs present an additional, albeit undeveloped, argument for tolling the statute of li-

mitations. They suggest that Open Door and Dr. Rudicel strategically waited until after the two-

year statute of limitations had run on the FTCA claim to disclose the fact that they were federal

employees protected by the FTCA from personal liability. [Dkt. 65 at 5.] Plaintiffs do not, how-

ever, cite case law to support their position or offer any evidence to suggest that either Open

Door or Dr. Rudicel deceived them about their status as federal employees under the FTCA.

---

[1] In this case, because Plaintiffs did not file a claim in either state court or in federal district court
prior to the present suit, but rather filed a claim with IDOI, the United States was never substi-
tuted as the party defendant. While neither party addresses this issue, it may be further grounds
for finding that § 2679(d)(5) is inapplicable.

Plaintiffs likewise fail to offer evidence that they served discovery regarding the federal employment status of Open Door or Dr. Rudicel. The Court is thereby left to speculate as to the extent to which Plaintiffs diligently pursued their claim.

Moreover, several circuits have rejected Plaintiffs' argument. The Eighth Circuit, in *T.L. v. United States*, 443 F.3d 956 (8th Cir. 2006), found that equitable tolling of claims under the FTCA is proper only in "exceptional circumstances" and "does not apply to 'garden variety' claims of excusable neglect." *Id.* at 963. The Eighth Circuit further found that being "unaware that an alleged tortfeasor is a federal employee" does not present an exceptional circumstance for tolling the statute of limitations. *Id.* at 964. Indeed, "[w]here the government or its agents have not misled or deceived a plaintiff, or otherwise hidden the legal identity of alleged tortfeasors as federal employees, the cause of action still accrues when the existence of an injury and its cause are known." *Id.* (citing *Garza v. United State Bureau of Prisons*, 284 F.3d 930, 935 (8th Cir. 2002)).

The D.C. Circuit expanded this idea when it found that not only is equitable tolling unavailable absent a showing of deception on the part of the government, but that "[n]either [the employee's insurance company] nor the federal government . . . had any obligation to inform [the plaintiff] of [the federal employee]'s employment status." *Norman v. United States*, 467 F.3d 773, 777 (D.C. Cir. 2006); *see also Hensley v. United States*, 531 F.3d 1052 (9th Cir. 2008) (holding that ignorance as to the federal employment status of the defendant is irrelevant to the accrual of the statute of limitations); *Gonzalez v. United States*, 284 F.3d 281 (1st Cir. 2002) (denying equitable tolling because the plaintiff did not exercise due diligence to discover the employment status of the defendants); *Gould v. DHHS*, 905 F.2d 738 (4th Cir. 1990) (same); *but see Santos v. United States*, 559 F.3d 189 (3d Cir. 2009) (tolling the statute of limitations upon a

showing that plaintiff diligently pursued her claim, despite the lack of affirmative misconduct on the part of the United States or its employees to conceal their status as the proper defendants).

Although the Seventh Circuit has not addressed this precise issue, it has held that equitable tolling is reserved for those situations in which a plaintiff "because of 'disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time.'" *Hoosier Bankcorp v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)).

Plaintiffs present no evidence to suggest that their lack of knowledge about the federal employment status of Open Door and Dr. Rudicel was irremediable or due to circumstances beyond their control, such as deception by the federal employees or the United States. As a result, Plaintiffs are not entitled to equitable tolling.

## CONCLUSION

For the reasons detailed in this Order, the Court concludes that Plaintiffs' claim under the FTCA is barred by the statute of limitations. Therefore, the United States' Motion for Summary Judgment is **GRANTED** as to all counts and claims against it. [Dkt. 55.]

02/14/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jerry Avan Garau
FINDLING GARAU GERMANO & PENNINGTON
jgarau@gghplaw.com

Jeffrey L. Hunter

UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Edna M. Koch
ZEIGLER COHEN & KOCH
ekoch@zcklaw.com

Edward L. Murphy Jr.
Murphy Law Group
emurphy@murphylawgroup.net

Deborah K. Pennington
GARAU GERMANO HANLEY & PENNINGTON, P.C.
dpenning@gghplaw.com